IN THE DISTRICT COURT
OF THE UNITED STATES
FOR THE MIDDLE DISTRICT
OF FLORIDA, ORLANDO
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 6:22-cr-00078-WWB |
| V. | ) | |
| TERESA McINTYRE, | ) | |
| Defendant. | ) | |

**DEFENDANT McINTYRE'S SENTENCING MEMORANDUM**

Comes now, Teresa McIntyre (McIntyre), through undersigned counsel and respectfully submits the following Sentencing Memorandum for the Court's consideration pursuant to 18 U.S.C. §3553 and enumerated policy statements in the sentencing guidelines.

While the Court must consider the Guidelines calculation as part of the sentencing process, the Guidelines merely "serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Rather than simply

1

impose a sentence within the Guidelines range, the Court must consider the whole range of factors listed in 18 U.S.C. § 3553 and determine the sentence that is "'sufficient, but not greater than necessary,' to accomplish the goals of sentencing." *Id.* at 101 (quoting 18 U.S.C. § 3553). Indeed, the Court may not even "presume that the Guidelines range is reasonable," but "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). The sentencing court has wide latitude to impose a sentence below the Guidelines range, "perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 351 (2007) (internal citations omitted). Here, the §3553(a) factors overwhelmingly support a sentence that is below the suggested Guidelines range.

When sentencing a criminal defendant, district courts are required to consider the advisory guidelines range and the factors set forth in 18 U.S.C. §3553(a). *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1253-54 (11th Cir. 2015). "The district court's task is to impose a sentence that will adequately (1) 'reflect the seriousness of the offense,' (2) 'promote respect

2

for the law,' (3) 'provide just punishment,' (4) 'afford adequate deterrence,' (5) 'protect the public from further crimes of the defendant,' and (6) provide the defendant with any needed training and treatment in the most effective manner." *Id.* (quoting 18 U.S.C. §3553(a)(2)). "The task is a holistic endeavor that requires the district court to consider a variety of factors: (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, [(6)] the need to provide restitution to any victims, and [(7)] the need to avoid unwarranted sentencing disparities." *Id.* at 1254 (citing 18 U.S.C. §3553(a)).

The court is not required to give all of the §3553(a) sentencing factors equal weight. *Id.* In its sound discretion, the court may give "great weight to one factor over others," *id.*, but only if it is reasonable to do so. And though the sentencing guidelines are only advisory, a major variance from the guidelines range "should be supported by a more significant justification than a minor one," and a court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007); *see also United States v. Irey*, 612 F.3d 1160, 1196 (11th

3

Cir. 2010) (*en banc*) ("Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one …"). *United States v. Howard*, 28 F.4th 180, 204-205 (11th Cir. 2022).

McIntyre has previously objected to the guideline calculation per U.S. Probation. As calculated by U.S. probation, a total offense level of 25, if sentenced per the guidelines without regard to the 18 USC §3553 factors, would lead to unjust and disproportionately high sentence. This Court has the authority to sentence McIntyre to a reasonable sentence that avoids an unwarranted sentencing disparity while satisfying a holistic review of the 18 USC §3552 factors and fashioning a sentence that is sufficient, but not greater than necessary.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process." *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *United* States *v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). Then, we examine whether the

4

sentence is substantively unreasonable under the totality of the circumstances and in light of the §3553(a) factors. *Id.*

When deciding upon a sentence, "[A] district court has 'considerable discretion' in deciding whether the §3553(a) factors justify a variance and the extent of one that is appropriate." Id. at 1238 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). We give that decision "due deference" because the district court has an "institutional advantage" in making sentencing determinations. Id. (quotation marks omitted); see also *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010). "We may vacate a sentence only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. (quoting *Shaw*, 560 F.3d at 1238) (additional quotation marks omitted). *United States v. Cubero*, 754 F.3d 888, 892-893 (11th Cir. 2014).

Here, U.S. Probation recognized that McIntyre is a minor participant in the criminal activity and clearly not the mastermind and ringleader of the fraud. Additionally, U.S. probation has acknowledged that there are factors which would warrant a sentence below the advisory guideline range. Specifically, McIntyre is a 55-year-old with no prior criminal history. She has

5

shown great remorse for her actions. Additionally, her lack of any criminal record speaks to the high likelihood of her never reoffending.

McIntyre unfortunately suffers from some significant physical maladies, but more concerning is her mental health[1]. McIntyre has been exhibiting significant mental health issues since her arrest in October of 2020. She was diagnosed and suffers from anxiety and depression. She began treatment 18 months ago and continues to address her mental health issues with weekly counseling and medication.  While counseling has helped, she will need to continue some form of treatment as she has had suicidal ideations which her counseling treatment has lessened.

McIntyre acknowledges that her sentence must reflect the seriousness of the offense.  However, this Court should have little concern about McIntyre reoffending given her lack of any prior record, as reflected in the PSR.  When the Court conducts its holistic endeavor, considering McIntyre's history and characteristics as delineated in the PSR, the nature and circumstances of her minor role in the offense, the pertinent policy statements of the Sentencing Commission, and the need to provide restitution to the victims, it is McIntyre's hope that the Court will conclude that a sentence below the guidelines can be fashioned to reflect a sufficient, but not greater than

---

[1] See specifically probations concerns as delineated int e PSR paragraphs 85, 86 & 112.

necessary sentence, to accomplish the goals of sentencing.

## CONCLUSION

For the foregoing reasons, and because the Sentencing Guidelines fail to accurately account for McIntyre's culpability and the unique nature of this case, we respectfully request that the Court impose a variant sentence well below the guideline range.

Respectfully submitted,

   /s/ Alan Diamond
**Alan S. Diamond, Esquire**
**Kepler B. Funk, Esquire**
**Keith F. Szachacz, Esquire**
FUNK, SZACHACZ & DIAMOND
FL Bar 957781, 973866, **949698**
3962 W. Eau Gallie Blvd. Suite B
Melbourne, Florida 32934
Telephone: (321) 953-0104
Facsimile: (321) 253-5975
alan@fsdcrimlaw.com
Kep@fsdcrimlaw.com
receptionist@fsdcrimlaw.com
*Counsel for McIntyre*

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the United States Attorney's Office by CMEF electronic delivery this 21st day of December 2022.

By:

/s/ *Alan Diamond*

**Alan S. Diamond, Esquire**
**Kepler B. Funk, Esquire**
**Keith F. Szachacz, Esquire**
FUNK, SZACHACZ & DIAMOND
FL Bar 957781, 973866, **949698**
3962 W. Eau Gallie Blvd. Suite B
Melbourne, Florida 32934
Telephone: (321) 953-0104
Facsimile: (321) 253-5975
alan@fsdcrimlaw.com
Kep@fsdcrimlaw.com
receptionist@fsdcrimlaw.com
*Counsel for McIntyre*